Dante GRASSI, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 89–2760–CIV.

United States District Court,
S.D. Florida.

June 28, 1990.

Thomas F. Almon, Miami, Fla., for plaintiff.

Robert Lehner, Asst. U.S. Atty., Miami, Fla., for defendant.

ORDER RATIFYING MAGISTRATE'S
REPORT AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon Magistrate Linnea R. Johnson's Report & Recommendation on Plaintiff's Petition for Writ of Habeas Corpus which recommended that the petition be denied.

THE COURT has heard oral argument, considered the Report & Recommendation, the objections and responses thereto, the petition and responses thereto and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the Magistrate's Report & Recommendation be RATIFIED, AFFIRMED & APPROVED to the extent that it recommends the petition be denied.

BACKGROUND:

 Plaintiff was convicted, after trial by jury, of violating 18 U.S.C. sec. 951 and was sentenced to ten years incarceration. The basis of the Petition for Writ of Habeas Corpus is that Magistrate Charlene H. Sorrentino presided over jury selection. Movant relies upon the recent Supreme Court case of *Gomez v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) as grounds for his petition. In Gomez, the Supreme Court held that the Federal Magistrate's Act does not authorize a Magistrate to preside over jury selection in a felony trial over a defendant's objections. Because this Court finds that the *Gomez* rule does not apply retroactively in this collateral proceeding and because the Court concludes that the petitioner's claim is procedurally barred under *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), this Court RATIFIES, AFFIRMS and APPROVES the recommendation of the Magistrate that the Petition for Writ of Habeas Corpus be DENIED.[1] Therefore, it is hereby ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus be and the same is DENIED (dismissed).

DISCUSSION:

 Generally, new rules will not be applied retroactively on collateral review. *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). This rule comports with the animating purpose of habeas corpus proceedings which is to ensure the application of the law prevailing at the time a conviction became final. *Id.* 109 S.Ct. at 1073. The Supreme Court recognizes two exceptions to this general rule. First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law making authority to proscribe. *Id.* Second, a new rule should apply retroactively if it implicates the fun-

damental fairness of a trial and failure to employ the rule seriously diminishes the likelihood of an accurate conviction. *Id.* (plurality opinion at 1077).

This Court finds that the *Gomez* rule falls under neither of the two above-enumerated exceptions. To begin with, the holding does not bear on any primary, private individual conduct. *See U.S. v. Rubio*, 722 F.Supp. 77 (D.Del.1989). Case law also suggests that the *Gomez* rule fails to implicate fundamental fairness or that failure to employ the rule would seriously diminish the likelihood of an accurate conviction. In *Teague v. Lane*, supra, the Supreme court considered the retroactive application of a rule affecting the proper empanelment of a jury in a felony trial. In particular, the Court considered the retroactive application of a rule requiring that a petit jury be composed of a fair cross-section of the community. *Id.* 109 S.Ct. at 1065. Focusing on the cross section rule's impact on the accuracy of trial, the *Teague* Court held that "a rule requiring that petit juries be composed of a fair cross section of the community would not be a bedrock procedural element that would be retroactively applied under the second exception we have articulated." Just as the constitutional claim raised in *Teague* concerning jury empanelment does not implicate fundamental fairness, the statutory claim before this court fails to do so as well. *See Rubio*, supra.

 Alternatively, this Court affirms the conclusions reached by the Magistrate on the basis of Petitioner's failure to meet the "cause" and "prejudice" test set forth in *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Under *Frady*, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show "cause" why an objection to the trial error was not raised contemporaneously and actual "prejudice" resulting from

---

1. Because of the basis of this Court's ruling, it does not need to decide whether the defendant's express consent to having the magistrate conduct jury selection takes the instant case outside the scope of the *Gomez* holding. The Court is aware that the Supreme Court has granted cer-

tiorari to determine whether a defendant must contemporaneously object to having a magistrate preside over jury selection or risk waiving the right to object. *United States v. France*, 886 F.2d 223 (9th Cir.1989) *cert. granted*, —— U.S. ——, 110 S.Ct. 1921, 109 L.Ed.2d 285 (1990).

the trial error. As the government notes, actual prejudice in this context requires that the error work to the defendant's actual and substantial disadvantage and so infect the entire trial that the resulting conviction violates due process. *Id.* 109 S.Ct. at 1595. This Court evaluates a claim of prejudice in the "total context of the events at trial." *Id.*

In the case at bar, the petitioner fails to demonstrate prejudice. No evidence appeared before this Court to indicate that Magistrate Sorrentino committed any error in conducing jury selection. Without any proof that the alleged trial error caused the petitioner any actual or substantial prejudice, the petitioner falls short of demonstrating that his conviction violated due process.

DONE AND ORDERED.