UNITED STATES of America, Plaintiff,

v.

Rafael A.
VALLADARES–TESIS, Defendant.

Civ. No. 89–1268 (JP).
Crim. No. 89–050 (JP).

United States District Court,
D. Puerto Rico.

March 30, 1991.

José R. Gaztambide, Asst. U.S. Atty.,
Hato Rey, P.R., for plaintiff.

Rafael A. Valladares–Tesis, pro se.

## OPINION AND ORDER

PIERAS, District Judge.

The petitioner has filed a petition for habeas corpus based on the grounds that the magistrate conducted voir dire and selected the jury for defendant's felony trial. For the reasons stated below, we deny this petition.

## I. BRIEF PROCEDURAL HISTORY

The petitioner/defendant Rafael A. Valladares–Tesis was tried by jury on April 6, 1988, in a five count indictment alleging that defendant, along with the several codefendants, all aiding and abetting each other, illegally imported, possessed on board an aircraft with an intention to distribute, approximately 16.2 kilograms of cocaine. The indictment further charged the defendant and the other codefendants, aiding and abetting each other, with willfully and falsely assuming or pretending to be an officer or employee acting under authority of the United States, as a sergeant in the U.S. Army. The final count of the indictment charged defendant with willfully making the false representation of his name in a baggage declaration given to a U.S. Customs Inspector. On April 7, 1988, the jury found defendant guilty as to all five counts in the indictment, and the defendant was sentenced on July 5, 1988. Petitioner filed a motion requesting reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b), which was denied. Defendant did not appeal that order.

In April of 1989, the defendant filed a petition for habeas corpus under 28 U.S.C. § 2255, based on the contention that he was improperly sentenced under the Sentencing Guidelines. This petition was denied. Finally, in September of 1989, defendant filed another petition stating that the magistrate conducted voir dire and selected the jury for defendant's felony trial, in violation of the Supreme Court's ruling in the case of *Gómez*.

## II. DISCUSSION

This Court withheld final decision of the petitioner's writ of habeas corpus pending the Supreme Court's decision in *United States v. France*, 886 F.2d 223 (9th Cir. 1989), *cert. granted,* —— U.S. ——, 110 S.Ct. 1921, 109 L.Ed.2d 285 (1990). On January 21, 1991, the Supreme Court affirmed the judgment of the United States Court of Appeals for the Ninth Circuit in *United States v. France.* —— U.S. ——, 111 S.Ct. 805, 112 L.Ed.2d 836. The Court

summarily affirmed the judgment of the Ninth Circuit "by an equally divided Court," without further comment. —— U.S. ——, 111 S.Ct. 805. We note that this type of affirmance is not entitled to precedential weight, and its legal effect is similar to the dismissal of an appeal; such an affirmance demonstrates that "the cause is finally disposed of in conformity with the action of the court below, and that ... [the] court can proceed to enforce its judgment." *Neil v. Biggers,* 409 U.S. 188, 192, 93 S.Ct. 375, 378, 34 L.Ed.2d 401, 407 (1972). Notwithstanding the nature of the Supreme Court's decision in *France,* we proceed to rule on petitioner's request because we conclude that the rule announced in *Gómez* and modified by *France* would be not retroactively applied in the instant case since it does not fall within the exceptions to the general rule barring retroactive application of new constitutional rules of criminal procedure in collateral review of a conviction.

In *Gómez v. United States,* 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), the Supreme Court held that it was reversible error for federal magistrates to conduct jury selection in felony trials. The Court's decision was based on a construction of the Federal Magistrates Act, 28 U.S.C. § 636(b)(3), which permits district courts to assign magistrates certain described powers and duties, as well as "such additional duties as are not inconsistent with the Constitution and laws of the United States." Essentially, the Supreme Court reasoned that the statute's failure to make specific reference to jury selection, as well as the legislative history, revealed that Congress did not intend to include this function within the additional duties clause of the Magistrates Act. *Id.,* at 875, 109 S.Ct. at 2247, 104 L.Ed.2d at 939.

The Ninth Circuit, in *United States v. France,* 886 F.2d 223 (1989), decided two issues which were not addressed by the *Gómez* court. First, the *Gómez* prohibition retroactively applies to all cases that are pending on direct review or are not yet final.[1] *Id.* at 227. The court further held that a defendant did not waive her right to object to the magistrate performing voir dire since any objection would have been futile under the authority of circuit law applicable at the time magistrate selected the jury, which permitted magistrates to empanel the jury. *Id.* at 228.

The First Circuit, en banc, had agreed with *France* in applying *Gómez* even when the defendant had failed to object to the magistrate's empanelment of the jury. *United States v. Martínez–Torres,* 912 F.2d 1552 (1st Cir.1990) (en banc). The Court's reasoning paralleled the reasoning in *France,* in that it pointed out that objections to the procedure would have been futile because jury empanelment was an established practice, explicitly authorized by the District of Puerto Rico Local Rules, and the First Circuit had "clearly endorsed" the practice. *Id.* at 1554. In a related case, the First Circuit also held that the *Gómez* decision applied retroactively to all cases *pending on direct appeal,* and alluded to the different set of considerations implicated in cases arising on collateral review. *United States v. López–Pena* [sic], 912 F.2d 1542, 1545 n. 3 (1st Cir. 1989).[2]

---

1. The court noted that a case is "final" if the conviction has been rendered, availability of appeal has been exhausted, and the time for petition for certiorari has elapsed or petition for certiorari has been denied. *Id.* at 227 (quoting *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)).

2. In *United States v. López–Pena,* 912 F.2d 1536 (1989), 912 F.2d 1542 (1989), the defendants-appellants were convicted for drug offenses by a magistrate-empaneled jury pursuant to a local rule of the District Court of Puerto Rico. Defendants did not object and eventually appealed the case without raising the issue of jury empanelment. The appeals were argued before a pan-

el and the issue was never raised until after the Supreme Court's *Gómez* decision. After *Gómez,* the defendants moved for a remand for vacation of their convictions. The convictions were affirmed, *United States v. López–Pena,* 912 F.2d 1536 (1989), and their motions to remand were denied, 912 F.2d 1542. Three of the six defendants petitioned for en banc review of the denial of the remand, which the First Circuit granted. These three defendants' convictions were subsequently reversed in *United States v. Martínez–Torres,* 912 F.2d 1552 (1990). However, on February 7, 1991, the First Circuit Court of Appeals stayed issuance of the mandate in the *Martínez–Torres* case pending the Su-

The issue of retroactivity in cases on collateral review was addressed by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In that case, the petitioner, a black defendant, challenged his conviction by an all white Illinois jury after the prosecutor used his peremptory challenges to eliminate all blacks from the jury. The defendant's petition under 28 U.S.C. § 2254 requested the Court to adopt a new constitutional rule of criminal procedure by extending the sixth amendment's fair cross-section requirement to petit juries. The Supreme Court, in a plurality decision, declined to address petitioner's request because it concluded that a new constitutional rule of criminal procedure would not be retroactively applied on collateral review of convictions unless: 1) the new rule "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," *id.*, at 290, 109 S.Ct. at 1075, 103 L.Ed.2d at 356 (quotation omitted); or 2) the new rule requires the observance of "those procedures that ... are implicit in the concept of ordered liberty," *id.*, at 290, 109 S.Ct. at 1075, 103 L.Ed.2d at 356 (quoting Harlan, J., in *Mackey v. United States*, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)). The Court modified the scope of the application of the second exception to encompass "those new procedures without which the likelihood of an accurate conviction is seriously diminished." *Teague*, 489 U.S. at 313, 109 S.Ct. at 1076–77, 103 L.Ed.2d at 358. In adopting this approach, the Court emphasized the importance of comity, finality of a conviction, equality of treatment for those similarly situated, and avoidance of constitutional adjudication. *Id.* at 311–16, 109 S.Ct. at 1075–78, 103 L.Ed.2d at 356–60.

In a later decision, a majority of the Court reiterated the general principle barring retroactive application of a new rule of criminal procedure in a collateral proceeding, and elaborated on the second exception to this rule as discussed in *Teague*. It

stated that the new "watershed" rule of criminal procedure must implicate the fundamental fairness and accuracy of the petitioner's conviction in order to be applied retroactively in collateral proceedings. *Saffle v. Parks*, 494 U.S. 484, ——, 110 S.Ct. 1257, 1263–64, 108 L.Ed.2d 415, 428–29 (1990). *See also Butler v. McKellar*, 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990) (majority of Court endorsing *Teague* approach).

We note that *Teague* involved a habeas corpus proceeding under 28 U.S.C. § 2254, and a new *constitutional* rule of criminal procedure, whereas the instant case, a petition filed under 28 U.S.C. § 2255, involves the *Gómez* decision, a new rule of criminal procedure based on construction of a statute, rather than constitutional interpretation. However, the same considerations discussed in *Teague*, such as the importance of the finality of a conviction, and the equality of the treatment for those similarly situated, are present in this case. Moreover, the *Teague* rule, if applied to alleged constitutional violations, must, *a fortiori* apply to violations of a statute; therefore, we apply the *Teague* rule of retroactivity to the instant case. *See Hrubec v. United States*, 734 F.Supp. 60, 64–65 (E.D.N.Y. 1990); *United States v. Rubio*, 722 F.Supp. 77, 85 (D.Del.1989), *aff'd without op.*, 908 F.2d 965 (3d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 523, 112 L.Ed.2d 534 (1990).

The rule pronounced in *Gómez* does not fall within either of the two *Teague* exceptions to the general principle prohibiting retroactive application of a new constitutional rule of criminal procedure in collateral review of a conviction. *Gómez* concluded that magistrates were not authorized by statute to preside over the *voir dire* of juries without defendants' consent. *France* and *Martínez–Torres* further held that failure to object to the magistrate empanelment does not constitute waiver of the issue. These holdings do not affect the government's power to proscribe the pri-

---

preme Court's decision in similar case from the Third Circuit. As stated earlier, we proceed to rule on the petitioner's request because we con-

clude that *Gómez* would not be applied retroactively in this case, which is a collateral review of a conviction.

vate conduct for which Mr. Valladares was convicted—trafficking in drugs, falsely pretending to be an officer of the United States Army, and falsely representing his name in a United States Customs Air Baggage Declaration form. *Grassi v. United States,* 742 F.Supp. 1141, 1142 (S.D.Fla. 1990); *Hrubec,* 734 F.Supp. at 66. Further, if the use of the peremptory challenges to strike jurors of the same race as defendant did not affect the accuracy of the conviction in *Teague,* it logically follows that empanelment of a jury by a neutral, detached, competent federal magistrate would not implicate the "fundamental fairness" and accuracy of conviction contemplated by the Court in *Teague* and its progeny. *Rubio,* 722 F.Supp. at 85. Therefore, we conclude that *Gómez* should not be retroactively applied in this § 2255 proceeding.

Wherefore, in view of the foregoing, petitioner's request for relief under 28 U.S.C. § 2255 is DENIED, and the petition is DISMISSED.

IT IS SO ORDERED.