Dante GRASSI, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 90–5593.

United States Court of Appeals, Eleventh Circuit.

Aug. 2, 1991.

Thomas F. Almon, Miami, Fla., for petitioner-appellant.

Robert J. Lehner, Asst. U.S. Atty., Miami, Fla., for respondent-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

The sole issue raised by appellant Dante Grassi in this action pursuant to 28 U.S.C. § 2255 is whether the trial court erred in permitting a United States Magistrate to conduct voir dire when all parties had consented to such a procedure. The district court denied the habeas petition. 742 F.Supp. 1141. We affirm.

Grassi was convicted in 1985 of violating the Hobbs Act, 18 U.S.C. § 1951. Prior to trial the district judge asked the parties if they wished to consent to having a United States Magistrate conduct voir dire.[1] The judge stated that because the action involved a felony, all parties had to consent in order for the magistrate to preside at voir dire. He added that he would preside should anyone object. Grassi, his counsel, the codefendant, codefendant's counsel, and the government each expressly consented to use of the magistrate for voir dire.

In 1989 the Supreme Court decided, in *United States v. Gomez,* 490 U.S. 858, 109 S.Ct. 2237, 2239, 104 L.Ed.2d 923 (1989), that magistrates were not authorized to preside over jury selection without defendant's consent. In this habeas action Grassi contends that, according to *Gomez,* magistrates did not have the jurisdictional authority to conduct voir dire and that not even his consent to use of a magistrate could confer jurisdiction not authorized by law.

Since oral argument in this case, the Supreme Court decided this issue in *Peretz v. United States,* —— U.S. ——, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), a direct appeal. The Court held that "the [Federal Magistrates] Act's 'additional duties' clause permits a magistrate to supervise jury selection in a felony trial provided the parties consent." at ——, 111 S.Ct. at 2667. The Court also held that "the defendant has no constitutional right to have an Article III judge preside at jury selection if the defendant has raised no objection to the judge's absence." *Id.* at ——, 111 S.Ct. at 2669. In light of these holdings, there was no error in the magistrate conducting voir dire for Grassi's trial. The district judge properly sought and received the explicit consent of all parties, both from counsel and from the defendants themselves. Accord-

---

1. At the time, the local court rules for the South- ern District of Florida permitted a magistrate to

ingly, we AFFIRM the district court's denial of habeas.[2]

AFFIRMED.

conduct voir dire.

**2.** Because the use of the magistrate was not barred by *Gomez,* we do not consider whether *Gomez* would apply retroactively in a habeas action.